IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE KREKSTEIN**  **Plaintiff,**  v.  **MCDONALD'S CORPORATION**  **Defendant.** | CIVIL ACTION NO. 20-5770 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                                 **July 19, 2021**

Plaintiff Denise Krekstein, as trustee for the Rita Getz Feldman Trust, filed suit in Pennsylvania state court against Defendant McDonald's Corporation alleging breach of contract and seeking a declaratory judgment. Defendant removed the action to this Court on the basis of diversity of citizenship and has moved to dismiss Plaintiff's breach of contract claim.[1] For the reasons stated below, Defendant's motion dismiss will be granted.

**I.    BACKGROUND**

Since 1994, Defendant has leased a property in Philadelphia that is owned by the Rita Getz Feldman Trust. The lease includes a purchase option, which gives Defendant the right to

---

[1] *See* Notice of Removal [Doc. No. 1]. Plaintiff is a resident of Pennsylvania, the Trust is a Florida trust, and Defendant is a Delaware corporation headquartered in Illinois. *Id.* ¶¶ 7–12. Upon review of the motion to dismiss and briefing, the Court requested that the parties file supplemental briefs on whether this Court has jurisdiction to hear the case, *see* Order dated May 12, 2021 [Doc. No. 7].

In its response, Plaintiff does not make any assertion as to the amount in controversy. Instead, Plaintiff argues that the case should be remanded because Defendant failed to prove that amount in controversy exceeded $75,000. *See* Pl.'s Mem. Sur Jurisdiction [Doc. No. 8] at 3. Defendant argues that Plaintiff "fails to state facts sufficient to show that Plaintiff has in fact suffered any such cognizable damages," but suggests that the Court should retain jurisdiction over Plaintiff's claim for a declaratory judgment. Def.'s Mem. Regarding Jurisdiction [Doc. No. 9] at 6. The Court determines that because Plaintiff's declaratory judgment claim is related to a legal dispute that involves a claim seeking in excess of $1.2 million, s*ee* Compl. [Doc. No 1-5] ¶¶ 3, 79–81; *see also* Def.'s Mem. Regarding Jurisdiction [Doc. No. 9] at 9 & n.2, the amount in controversy requirement is met.

purchase the property within 12 months of notice of the death of Rita Getz Feldman.[2] Ms. Feldman died in 2004, and the parties dispute whether notice was provided to Defendant at that time.

Plaintiff alleges that notice was provided shortly after Ms. Feldman's passing, on or about November 15, 2004.[3] However, Defendant claims it first learned of Ms. Feldman's death during a meeting in September 2019, when a Real Estate Asset Manager for Defendant asked how Ms. Feldman was doing.[4] Following this meeting, Defendant informed the Trust by letter that it had "learned only last month that Ms. Feldman passed away in 2004" and gave notice that it intended to exercise the purchase option at the 2004 purchase price.[5]

The Trust responded, stating that Defendant had been properly notified in 2004 of Ms. Feldman's death, and informing Defendant that because it had "failed to exercise its option [to purchase] within the allotted time," it had "no right to purchase the property under the terms of the Lease."[6] Defendant then provided notice that it was exercising its right and option to purchase the property, and "[b]y letter dated August 11, 2020, Landlord rejected McDonald's purported notice to purchase the Premises, for the reasons previously stated to McDonald's."[7]

---

[2] Compl. [Doc. No 1-5] ¶ 23. The purchase option contains a price schedule based on "the date of death of Rita Getz Feldman," and the terms of the purchase agreement include a payment of $70,000 made by Defendant in exchange for the for the purchase option rights. *Id.* ¶¶ 24–25. Under the purchase option, the $70,000 would be "credited against the Option Price" if the option were to be exercised. *Id.*

[3] Plaintiff asserts that she does not have a copy of the letter she sent to Defendant providing notice or a receipt of service from Defendant but does have a contemporaneous writing memorializing her provision of notice to Defendant. *See Id.* ¶¶ 29–46.

[4] *Id.* ¶¶50–52.

[5] *Id.* ¶¶ 55–59.

[6] *Id.* ¶ 62.

[7] *Id.* ¶¶ 63–65.

Plaintiff notes that Defendant "has never issued written notice declaring the Landlord in default of any provision of the Lease," and Plaintiff had not alleged any further actions taken by Defendant regarding the lease or the purchase option.[8]

Soon after, Plaintiff brought this action alleging that Defendant breached the contract by attempting to exercise the option and acting "as though the Purchase Option is valid."[9] Plaintiff also seeks a declaratory judgment that Defendant received valid notice of Ms. Feldman's death in 2004, and therefore forfeited its rights under the purchase option.[10]

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The question is not whether the plaintiff ultimately will prevail but whether the complaint is "sufficient to cross the federal court's threshold."[12] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading

---

[8] *Id.* ¶ 68.

[9] *Id.* ¶¶ 60–61.

[10] *See id.* ¶¶ 74–85.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

[12] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citations omitted).

of the complaint, the plaintiff may be entitled to relief."[13] However, the Court "need not accept as true 'unsupported conclusions and unwarranted inferences'"[14] or "legal conclusions."[15]

### III.  DISCUSSION

In considering Defendant's motion to dismiss, the Court must accept all factual allegations as true and make all reasonable inferences in favor of Plaintiff. Therefore, the Court will accept as true that Plaintiff provided Defendant notice of Ms. Feldman's death in 2004, and infer that Defendant had actual knowledge that it had forfeited the right to exercise the purchase option.

Plaintiff has asserted two theories of breach: that Defendant breached the purchase option by "declaring in writing unequivocally that 'McDonald's Corporation hereby exercises its right and option to purchase the Premises;'" and that Defendant breached the implied duty of good faith and fair dealing.[16] To state a claim for breach of contract, a plaintiff must establish: (1) the existence of a contract, (2) breach of a duty imposed by the contract, and (3) resultant damages.[17] For purposes of the motion to dismiss, the only element in dispute is whether Plaintiff has sufficiently alleged a breach of a duty.[18]

---

[13] *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (quotation marks omitted).

[14] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

[15] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)) (internal quotations omitted).

[16] Pl.'s Opp. Mot. to Dismiss [Doc. No. 4] at 9, 14.

[17] *Frank B. Fuhrer Wholesale Co. v. MillerCoors LLC*, 602 Fed. App'x 888, 891 (3d Cir. 2015).

[18] The parties agree that there was a contract, and that, at minimum, Plaintiff can assert nominal damages. *See* Def.'s Reply in Supp. [Doc. No. 5] at 1 n.1.

### A. Plaintiff cannot allege a breach of the purchase option

Plaintiff argues that Defendant breached the purchase option by sending the 2019 letter purporting to exercise it, despite knowing the right had been forfeited. The purchase option gives the Defendant "the option to purchase the Demised Premises."[19] However, it may only be exercised "within twelve (12) months following receipt of notice . . . of the death of Rita Getz Feldman" and if it is not exercised it, "shall expire one (1) year following receipt . . . of notice."[20] The option states that if the option is exercised, the landlord "shall convey" the title to the property.[21]

The plain language of the purchase option does not create a duty for Defendant; it only provides Defendant a permissive right to purchase the property under a specific condition.[22] If the purchase option expired as Plaintiff alleges, Defendant's actions were certainly not authorized under the purchase option. However, just as authorization under a contract does not create a duty, a lack of authorization does not mean there is a negative duty.[23] Because the purchase option does not create a duty for Defendant, Plaintiff cannot plausibly state a claim for breach of the provision.[24]

---

[19] *See* Lease [Doc. No 1-5] at 35.

[20] *Id.*

[21] *Id.* at 38.

[22] Under the language of the provision, the only duty created is a duty for the Landlord to covey title if the option is properly exercised.

[23] *See, e.g., Frank B. Fuhrer Wholesale Co. v. MillerCoors LLC*, No. 13-1155, 2013 WL 5875819, at *8 (W.D. Pa. Oct. 30, 2013); *see also Velazquez v. State Farm Fire and Cas. Co.*, No. 19-3128, 2020 WL 1942784, at *8 n.7 (E.D. Pa. Mar. 27, 2020) (noting that a plaintiff could not plausibly state a breach of contract claim based on allegations that the defendant enforced an unconscionable provision).

[24] Plaintiff argues that Defendant's actions should be understood as an anticipatory repudiation or anticipatory breach of the purchase option. *See* Pl.'s Opp'n. Mot. to Dismiss [Doc. No. 4] at 10 (citing *Cardiology Care for Child., Inc. v. Ravi*, No. 17-4743, 2018 WL 1870717 (E.D. Pa. Apr. 18, 2018)). But finding an anticipatory breach still requires that there be some duty that the party intends to breach.

### B. Plaintiff cannot show a breach of the duty of good faith and fair dealing

Plaintiff also alleges that Defendant's actions breached the common law duty of good faith and fair dealing, which is implicit in every contract under Pennsylvania law.[25] The Court may infer from Plaintiff's allegations that Defendant had actual knowledge that the purchase option had expired, and Plaintiff appears to allege that Defendant's actions breached the duty as an exercise of "contractually authorized discretion in an unreasonable manner."[26]

Accepting the allegations as true, Plaintiff sufficiently pleads that Defendant acted in bad faith. But alleging bad faith is not sufficient in itself to state an actionable claim under this theory.[27] Pennsylvania courts have a "historical reluctance to recognize an independent claim for breach of that duty—sounding in contract or otherwise—except in very narrow situations: specifically, relationships between franchisor and franchisee, insurer and insured, and (sometimes) employer and employee,"[28] and the Pennsylvania Supreme Court has held that the "obligation of good faith is tied specifically to and is not separate from the duties a contract imposes on the parties."[29] Moreover, the Third Circuit has instructed courts to proceed with caution under the doctrine, as it is not to be used to create new contractual obligations.[30]

---

[25] *See* Pl.'s Opp'n. Mot. to Dismiss [Doc. No. 4] at 14. Pennsylvania has adopted Section 205 of the Restatement (Second) of Contracts, which provides that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Abdellatif v. Alza Wrae Indus. Co.*, No. 18-2297, 2019 WL 1284689, at *4 (E.D. Pa. Mar. 20, 2019) (quoting Restatement (Second) of Contracts § 205).

[26] *Berks Mut. Leasing Corp. v. Travelers Prop. Cas. a Member of Citigroup*, No. 01-6784, 2002 WL 31761419, at *3 (E.D. Pa. Dec. 9, 2002) (citing *Somers v. Somers*, 613 A.2d 1211, 1213 (Pa. Super. Ct. 1992)).

[27] "[W]hile the implied duty of good faith and fair dealing may apply to all contracts in the Commonwealth, a contract claim for breach of that duty exists only in very narrow circumstances." *Hordis v. Cabot Oil & Gas Corp.*, No. 19-296, 2020 WL 2128968, at *5 (M.D. Pa. May 5, 2020).

[28] *Hordis*, 2020 WL 2128968, at *4.

[29] *Murphy v. Duquesne Univ. Of The Holy Ghost*, 777 A.2d 418, 434 n.11 (Pa. 2001).

[30] *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 (3d Cir. 2000).

Here, Plaintiff's allegations do not fall within the any of narrow circumstances where Pennsylvania courts have allowed an independent claim. Therefore, Plaintiff must allege that Defendant's bad faith is tied specifically to a contractual duty. Plaintiff cannot do so. As discussed above, the purchase option *allows* action by Defendant but does not create a contractual duty or obligation for the Defendant. Plaintiff cannot assert a breach of contract by using the duty of good faith and fair dealing to read a negative duty (that is, a duty not to attempt to exercise the option out of time) into the contract that was not created under the express terms.[31] Plaintiff cannot plausibly state a claim based for breach of the implied duty of good faith and fair dealing.[32]

As a matter of law, the purchase option does not create a duty for Defendant and therefore Plaintiff cannot plausibly allege a breach of that provision. Plaintiff's breach of contract claim will be dismissed and no leave to amend will be given at this time. The Court will retain jurisdiction over Plaintiff's remaining claim for a declaratory judgment that notice was provided to Defendant in 2004, and the Defendant's letter purporting to exercise the option is "null and void and of no effect."[33] Defendant will file an answer and the parties will proceed with discovery.

---

[31] *Frank B. Fuhrer Wholesale Co. v. Millercoors LLC*, 602 F. App'x 888, 891 (3d Cir. 2015) (citations and quotations omitted) ("[T]he District Court properly rejected Fuhrer's attempt to invoke the duty of good faith to import into its contract a provision which it neither bargained for nor attained.").

[32] The Court further notes the similarity between the allegations here and the Third Circuit's reasoning in *Northview Motors*. There, the Third Circuit held that "a party is not entitled to maintain an implied duty of good faith claim where the allegations of bad faith are identical to a claim for relief under an established cause of action." 227 F.3d at 91–92. Thus, the court found that where a plaintiff's allegations could support "a claim for fraud based on the same set of facts, Pennsylvania courts likely would decline to proceed with the claim alleging bad faith." *Id.* at 92.

Here, Plaintiff's bad faith claims appear to be grounded in allegations of fraud, as Plaintiff alleges that Defendant essentially misrepresented facts in order to take possession of the property.

[33] Compl. [Doc. No 1-5] ¶¶ 74–84. Districts courts have discretion over whether to assert jurisdiction over claims under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a) (emphasis added) (a court "*may* declare the rights and

Furthermore, this dismissal of Plaintiff's breach of contract claim is limited to Plaintiff's claim for breach of the purchase option. The Court makes no determination as to whether Plaintiff may assert other claims based on Defendant's alleged actions. At the close of discovery, Plaintiff may request leave to amend their complaint if the record supports additional claims—under contract or tort—based on Defendant's actions.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's claim for breach of contract will be dismissed. An order will be entered.

---

other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); *see also Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014).